[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before this court on defendant's request for disclosure of instructions of law given to the grand jury, pursuant to Super.R.Crim.P. 6(e).
On February 28, 1985, Peter Gilbert was arrested on minor drug and weapons charges. Gilbert was arraigned in District Court on March 8, 1985, but a bail decision was not made. He agreed to become a witness against individuals accused of committing a series of murders. Accordingly, Gilbert consented to be held in undefined informal custody by the Providence Police Department.
Gilbert remained in Providence Police custody until March 30, 1987, at which time he pled guilty to a variety of criminal charges. He received a fifty year sentence, forty suspended and ten to serve. Gilbert, however, was not sent to the Adult Correctional Institution in accordance with R.I.G.L. § 12-19-23
(1981 Reenactment).[1] Rather, he was replaced into Providence Police custody retroactive to March 1, 1985.
On June 11, 1988, while still in Providence Police custody, Gilbert suffered a fatal heart attack at a roadside gasoline station in Connecticut. At the time of his death, Gilbert was unaccompanied by any police guard and was driving a car bearing a confidential Providence Police Department registration.
On June 10, 1991, the special state wide grand jury investigating matters relating to the custody of Peter Gilbert, returned an indictment charging Richard S. Tamburini with violating Rhode Island General Laws § 11-25-6 (1981 Reenactment). This indictment specifically charged that Tamburini a lieutenant in the Providence Police Department at the time of Gilbert's custody, was the official responsible with securing Gilbert's custody and did by his continued negligence suffer and allow Peter Gilbert to escape from the lawful custody of the Providence Police Department on numerous occasions from 1985 through 1988, the last such occasion being on June 11, 1988.
As the defendant in this action, Mr. Tamburini, now requests that this court compel the state to disclose the instructions that the prosecution gave to the special state wide grand jury which handed down his indictment. The defendant claims that the application of Rhode Island General Laws § 11-25-6 to the unique custody arrangement in this case establishes a sufficient showing that grounds may exist for a motion to dismiss the indictment, thereby warranting disclosure of the grand jury instructions pursuant to Rule 6(e).
Rule 6(e) provides that matters occurring before the grand jury may be disclosed "only when so directed by the court preliminary to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." The Rhode Island Supreme Court in State v. Chiellini, stated that a dismissal of an "indictment based upon alleged nonconstitutional error is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from substantial influence of such violations." 557 A.2d 1195.
The purpose of Rule 6(e) is to insure the secrecy of grand jury proceedings. This requirement of secrecy comports with the common law existing at the time the Rule was enacted. See
R.I.Sup.R.P. 6(e) (Advisory Committee Notes). In State v.Carillo, the Rhode Island Supreme Court set forth the common law policy of grand jury secrecy now embodied in Rule 6(e), as follows:
 Traditionally, grand jury proceedings are secret. The reasons given for this secrecy have been summarized as follows: "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. 307 A.2d 773 (1973) (quoting United States v. Rose, 215 F.2d 617, 628-29 (3d Cir. 1954)).
Defendant asserts that the statute under which he was indicted, R.I.G.L. § 11-25-6, is a statute with no decisional history which has never been applied in this context. Thus, the defense maintains, that when instructing the grand jury, the prosecutor necessarily made certain decisions and interpretations regarding application of this statute to the facts of this case. If the prosecutor's decisions were materially incorrect, the defense asserts, then the grand jury would have been unable to determine whether probable cause existed to believe that the defendant had committed the crimes charged. Hence, the defense continues, without disclosure of the grand jury instructions, there exist no means by which the defendant can insure that his constitutional rights have not been violated.
The state, on the other hand, argues that pursuant to Rule 6(e), before disclosure of the grand jury instructions may be made the defendant must put forth facts sufficient to give the reviewing court a basis upon which to conclude that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. The state asserts that the defendant's charge that the prosecutor might have made erroneous interpretations of R.I.G.L. § 11-25-6 in its grand jury instructions, absent a particular factual basis for such an assertion, is insufficient to warrant disclosure of the grand jury instructions.
As the defendant aptly points out, the state's argument creates a paradox in which the defense must know the contents of the grand jury instruction in order to have a sufficient basis to warrant disclosure of the same. According to the state, the defendant's contention that the statute in question as applied to this set of facts creates a sufficient probability that grounds for dismissal of the indictment may exist is an insufficient showing to warrant disclosure of the grand jury instructions, because the defendant fails to sets forth facts which support its position.
Nowhere in the language of Rule 6(e), however, are specific factual allegations required to supporting a sufficient showing of grounds for a motion to dismiss an indictment. The defendant, here, has presented a unique circumstance in which the law applied to the facts alone creates a probability that grounds for dismissal of the indictment exist. By virtue of the fact that the custody arrangement concerned is an undefined program and that the statute under which the defendant was charged has no decisional history and has never been applied in this context, a situation is created whereby the prosecution necessarily must make interpretations and decisions with no supporting case law. If these decisions and interpretations are inappropriate, they undoubtedly may give rise to dismissal of the indictment. Following the state's logic to its ultimate conclusion, a defendant with a legitimate basis to dispute the law as applied or interpreted by the prosecution when giving instructions to a grand jury may never obtain disclosure of those instructions because specific factual allegation of prosecutorial misconduct must be made regarding the contents of those same instructions. However, a defendant will never have sufficient facts to make such an allegation because he will not have access to the instructions. Certainly the drafters of Rule 6(e) could not have intended such a futile application of the Rule.
As discussed above, the court in State v. Carrillo, supra, set forth the specific purposes of secrecy underlying Rule 6(e). In accordance with those purposes, since grand jury proceedings here are complete, none of these reasons support denial of the defendant's request. The defendant is aware of his indictment and thus disclosure would not increase risk of his contemplating escape. Since an indictment has already been handed down, disclosure could not adversely affect an innocent accused where there is no probability of guilt. Furthermore, testimony and deliberation is concluded; thus there is no possibility of witness tampering or impediment of the grand jury's freedom to deliberate. Therefore, maintenance of secrecy is no justification to prevent disclosure.
The state argues, however, that to allow disclosure here would set a standard that would eviscerate Rule (6) and amount to a requirement of routine disclosure of grand jury materials. Such a standard, the state asserts, would mean that before a trial on the merits a defendant could always insist on a kind of preliminary trial to determine the adequacy and competence of the evidence before the grand jury. As the state points out, such a practice is not required by the 5th Amendment and would cause great delays.
Although the state's concern has merit, it is misplaced in this context. Here, the defendant requests disclosure on very narrow grounds. Therefore, there is no danger of opening the flood gates to challenges of grand jury findings on a large scale. Thus, this court will not deny defendant's request on such broad policy grounds as the state asserts.
The prosecution's interpretation of the law is primarily at issue in this defendant's request. This court is satisfied that the instructions to the grand jury substantially influenced the grand jury's decision to indict. Thus, in this instance, the defendant need not set forth specific factual allegation of prosecutorial impropriety to warrant disclosure of the grand jury instructions pursuant to Rule 6(e). Furthermore, denial of disclosure in this instance will further none of the legitimate interest of secrecy embodied in Rule 6(e). Therefore, this court holds that the unique circumstances of this case which created a situation where the grand jury's decision was dependent on the prosecution's unilateral interpretation and application of R.I.G.L. § 11-25-6 in an unprecedented context, constitutes a sufficient showing that there may exist grounds for dismissal of the indictment. Accordingly, disclosure of the grand jury instructions under Rule 6(e) is hereby warranted. For the reasons set forth herein, this court grants the defendant's request for disclosure of the grand jury instructions.
[1] R.I.G.L. § 12-19-23 provides in full:
Place of imprisonment. — Unless otherwise provided, every person now or hereafter sentenced to imprisonment shall be sentenced to and imprisoned in the adult correctional institutions.